## DOROTHEA TOOLAN v. JOHN J. TOOLAN

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. J-1783

Memorandum filed January 29, 1948.

*Edward L. Reynolds,* of New Haven, for the Defendant.

*Louis Feinmark,* of New Haven, for the Plaintiff.

WYNNE, J.   Defendant's cause was presented with eloquence and feeling. If the issue concerned only him, a court would go far to extend clemency and hope. But the issue concerns another, too. His wife, the plaintiff, stands with him equal before the law.

Courts do not subscribe to the theory that divorce is an evil. It is in the abuse of divorce that an evil lies. If the plaintiff has ground for divorce within the fair intendment of our statute, hers is the responsibility for the step. The proof is ample as to the conditions brought about by defendant's conduct up to the break that finally came.

The only question concerns defendant's defense of condonation. In final analysis the principle relied upon means only that an aggrieved spouse actually forgives and forgets. And because society has always favored the idea of forebearance for the ultimate good of family life, courts are justified in going far to find that fault has been condoned. But of course a court cannot subscribe to the philosophy that allows the policy of discouraging divorces to inure to the benefit of a culpable spouse and to the disadvantage and detriment of one with a real grievance.

The court is convinced that the plaintiff never condoned what had gone before in the sense of forgiving and forgetting. The most that can be said is that an overweening love that both parties have for their child brought about a contact between

them that was certainly no more than an experiment in proba-
tion. The defendant has done so much in the way of rehabilita-
tion that it was too bad that he lacked the patience to bide the
time when all could be, and would be, forgiven. He could not
brook the idea of being a "part time" husband. He was strong-
minded and possessive in his conception of the married state.
The little incident of his deciding that he would keep the sav-
ings bonds in future instead of turning them over to his wife
as he had been doing is significant. It helps to analyze the human
elements that brought about the tragic failure of this marriage.

Human behavior and reaction are frequently more helpful in
the decision of an issue than testimony on the stand. In this
case it seems to the court that the conduct of the parties is much
more consistent with the wife's version of what was happening
on South Orange Street than the husband's version. If, as he
says, relations of husband and wife had become established, it
would seem strange indeed that he was no longer willing to be
generous in his financial dealings.

Counsel had to leave unsaid the only thing that could not be
said. The marriage has been shattered beyond hope of restora-
tion and harmonious accord. There is no suggestion, even, that
an ulterior motive has influenced the plaintiff.

Deliberately she has chosen divorce as the only remedy in her
unhappy plight. She has had the advice of competent counsel as
well as sympathetic support in her own family.

The court finds the issues for the plaintiff and a decree of
divorce is entered. Only because it appears necessary to fix
responsibility, custody of the minor is granted to plantiff. sub-
ject to reasonable rights of visitation on the part of defendant.
In connection with this the court deems it proper to add that
defendant's demonstrated love for his child will entitle him more
and more to a share in companionship and upbringing, if his
conduct in the future warrants it.

An order may enter that defendant pay plaintiff weekly the
sum of $25 for support of said minor and as alimony.